UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Strickland, # 271958, *a.k.a. James S. Strickland*, | ) C/A No. 4:10-1221-JFA-TER ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| Ms. Cox, Nurse; Mr. Alewine; Mr. Babb, | ) ) Report and Recommendation ) ) |
| Defendants. | ) |

The Plaintiff, James Strickland (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kirkland Reception and Evaluation Center, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as Defendants.[2] The complaint should be dismissed because Plaintiff's claims are barred by the doctrine of *res judicata*.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff states that he was "shipped to Lieber Prison" in 2007, where he was placed in the "Ashley Unit". (Complaint, page 4). Plaintiff claims he was locked in a cell for two and a half (2½) months, where he was fed sandwiches three times per day and had to "beg" to use the bath room. Plaintiff further states that he received no showers, no health care, and no recreation during this time frame. Plaintiff discusses nerve damage to his right leg, which he believes was caused by sleeping on a concrete floor. Plaintiff also states that he contracted an infection on his face, which was not properly treated. Plaintiff blames Defendant Mr. Alewine and Defendant Mr. Babb, both doctors at SCDC, for his lack of medical care. Plaintiff lists a third Defendant, Ms. Cox, Nurse, in the complaint's caption, but provides no factual information in the pleading about this individual.

Discussion

Plaintiff's complaint states that the instant action deals with the same facts involved in one of Plaintiff's previous civil actions, *James Strickland v. Dr. Alewine et al.*, Civil Action No. (C/A No.) 4:08-2332-GRA (D.S.C.). (Complaint, page 1). This Court takes judicial notice of C/A No. 4:08-2332-GRA, as a district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

In C/A No. 4:08-2332-GRA, the Plaintiff complained of deliberate indifference to his medical needs and allegedly unconstitutional conditions of confinement at Lieber Correctional Institution. Plaintiff's clams, in C/A No. 4:08-2332-GRA , included allegations of being placed in the "Ashley dorm," where he was served sandwiches three times a day, denied showers, denied

3

medical care, and forced to sleep on a concrete floor for approximately two and a half months. (C/A No. 4:08-2332-GRA, Docket Entry No. 3, pages 3,4). Plaintiff also discussed nerve damage to his right leg (C/A No. 4:08-2332-GRA, Docket Entry No. 3, page 3) and an infection on his face, which the Defendants allegedly failed to properly treat. (C/A No. 4:08-2332-GRA, Docket Entry No. 19, pages 8, 19). The Defendants responded to Plaintiff's allegations in C/A No. 4:08-2332-GRA, requesting that summary judgment be granted in their favor and that the case be dismissed with prejudice. (C/A No. 4:08-2332-GRA, Docket Entry No.'s 124, 159). Summary judgment was granted for the Defendants, which included Defendants Alewine and Babb, on March 4, 2010. (C/A No. 4:08-2332-GRA, Docket Entry No.'s 235, 236). Plaintiff filed a notice of appeal on April 13, 2010. (C/A No. 4:08-2332-GRA, Docket Entry No. 239). However, on April 26, 2010, an Order and Mandate, issued by the United States Court of Appeals for the Fourth Circuit, dismissed Plaintiff's appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. (C/A No. 4:08-2332-GRA, Docket Entry No. 243).

The Plaintiff's current complaint, alleging claims of unconstitutional prison conditions and deliberate indifference to medical needs, attempts to re-litigate matters addressed in C/A No. 4:08-2332-GRA. Therefore, this duplicate §1983 complaint is barred by the doctrine of *res judicata* and should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

"'For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3)

an identity of parties or their privies in the two suits.'" *Martin v. American Bancorporation Retirement Plan*, 407 F.3d 643, 650 (4th Cir. 2005), quoting *Peuschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004). Further, *res judicata* not only "bar[s] claims that were raised and fully litigated," but also "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989), quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979). *See also Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). A plaintiff may not bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts.

In the instant action, the three elements of *res judicata* are clearly present. First, a final judgment has been entered on the merits of Plaintiff's prior civil action, C/A No. 4:08-2332-GRA. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989)(noting that grants of summary judgment are considered "on the merits" for the purposes of *res judicata*). Second, the allegations contained in the instant complaint stem from the same set of facts that gave rise to Plaintiff's claim for relief in C/A No. 4:08-2332-GRA. Finally, two of the Defendants in the instant action, Dr.'s Alewine and Babb, were named as Defendants in C/A No. 4:08-2332-GRA.

Additionally, it is noted that Plaintiff provided no service documents for Defendant Cox, and the complaint provides no factual information regarding Defendant Cox in the body of the pleading. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint

contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). Therefore, it is recommended that all defendants be dismissed.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

June 4, 2010  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas R. Rogers, III.  
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).