IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Strickland, | C/A No.: 4:10-1221-JFA-TER |
| Plaintiff, | |
| vs. | ORDER |
| Ms. Cox, Nurse; Mr. Alewine; Mr. Babb, | |
| Defendants. | |

The *pro se* plaintiff, James Strickland, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the South Carolina Department of Corrections (SCDC) and the named defendants are employees of SCDC. Plaintiff sets forth various complaints surrounding the conditions of his confinement and contends that the defendants were deliberately indifferent to his medical needs.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation wherein he suggests that the court should dismiss this action because it deals with the same facts involved in one of plaintiff's previous civil actions. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In *Strickland v. Dr. Alewine*, et al., C/A No. 4:08-2332-GRA (D.S.C.), the plaintiff complained of deliberate indifference to his medical needs and allegedly unconstitutional conditions of confinement while he was housed at the SCDC's Lieber Correctional Institution.[2] The Honorable G. Ross Anderson, Jr., Senior United States District Judge, granted the defendants' summary judgment in that case. The Fourth Circuit Court of Appeals dismissed the plaintiff's appeal of that action.

The Magistrate Judge opines that the plaintiff is attempting to relitigate matters already addressed in his prior complaint (C/A 4:08-2332-GRA) and as such, the instant § 1983 complaint is barred by the doctrine of *res judicata* and should be summarily dismissed.

"'For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits.'" *Martin v. American Bancorporation Retirement Plan*, 407 F.3d 643, 650 (4th Cir. 2005), *quoting Peuschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004). Further, *res judicata* not only "bar[s] claims that were raised and fully litigated," but also "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989), *quoting Brown v.*

---

[2] This court may take judicial notice of the plaintiff's prior or pending actions. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (district court may take judicial notice of its own files and records). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

*Felsen*, 442 U.S. 127, 131 (1979). *See also Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). A plaintiff may not bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts.

The Magistrate Judge also suggests that in the instant action, the three elements of *res judicata* are clearly present. First, a final judgment has been entered on the merits of Plaintiff's prior civil action, C/A No. 4:08-2332-GRA. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989) (noting that grants of summary judgment are considered "on the merits" for the purposes of *res judicata*). Second, the allegations contained in the instant complaint stem from the same set of facts that gave rise to plaintiff's claim for relief in C/A No. 4:08-2332-GRA. Finally, two of the defendants in the instant action, Dr.'s Alewine and Babb, were named as defendants in C/A No. 4:08-2332-GRA.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 10, 2010. In his objections to the Report, the plaintiff requests that this court appoint him a lawyer and notes that he has had a hard time getting materials. He also complains that "these three [the defendants] has cause me much hard and serious infection on my face." As the objections are non-specific, they are overruled. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process. Plaintiff's motions for appointment of counsel and for leave of payment are denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

September 28, 2010
Columbia, South Carolina